UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON BURRELL AND
TRAVINIA BURRELL,

           Plaintiffs,

Case No. 12-14081

v.

Paul D. Borman
United States District Judge

CITIMORTGAGE, INC.,

           Defendant.
_____/

OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 12)

    This is a mortgage foreclosure case. Plaintiffs Clifton Burrell and Travinia Burrell ("Plaintiffs") filed their complaint in Circuit Court for the County of Macomb on August 16, 2012. On September 13, 2012, Defendant CitiMortgage, Inc. ("Defendant") removed this case to federal court based on diversity jurisdiction. (Dkt. No. 1).

    Now before the Court is Defendant's Motion for Summary Judgment filed on October 17, 2013. (Dkt. No. 12). Plaintiffs filed a response on February 14, 2014 (Dkt. No. 15) and Defendant then filed a reply (Dkt. No. 18).

    The oral argument on this matter was held on April 3, 2014. For the following reasons, the Court GRANTS Defendant's Motion for Summary Judgment.

## I. BACKGROUND

    On or about April 18, 2003, Plaintiffs granted a mortgage to non-party ABN AMRO Mortgage Group, Inc. (Def.'s Ex. A, Mortgage). Defendant is a successor in interest by merger to this mortgage. (Def.'s Br. at 2). As explained in the mortgage documents, the mortgage secured repayment of a $285,000.00 loan that Plaintiffs used to purchase property located at

34519 Fontana Drive, Sterling Heights, Michigan (the "Property"). This Mortgage was recorded on September 12, 2003. (Ex. A, at 1).

At some point, Plaintiffs defaulted on their mortgage obligations. Notice of the foreclosure sale was published on January 16, January 23, January 30 and February 6, 2012. (Def.'s Ex. C, Sheriff's Deed at 2). Further, as evidenced by the affidavits attached to the Sheriff's Deed, Defendant's attorneys served Plaintiffs with a notice on December 5, 2011, which included a statement of the borrowers' rights pursuant to MICH. COMP. LAW § 600.3205a. (*Id*. at 5). This list of rights included a list of housing counselors as required by § 600.3205a. (*Id*.). Defendant avers that Plaintiffs failed to contact or have a housing counselor contact Defendant's attorneys within the statutory time period. (*Id*.).

Plaintiffs assert in their Complaint that they received a "30 Day Letter" from Defendant regarding a loan modification on or about January 6, 2012. (Compl. ¶ 8; Pl.'s Br. Ex. B, 30 Day Letter). Plaintiffs allege that in response to that letter they provided documentation as requested by Defendant in pursuit of a possible loan modification. (Compl. ¶ 9). Plaintiffs assert that during the following eight months they attempted, orally, to secure a loan modification with Defendant and were advised by Defendant that the foreclosure proceedings would stop and a Sheriff's Sale would not occur. (Compl. ¶¶ 13-14). Plaintiffs also claim they attempted to make mortgage payments but all of their payments were returned. (Compl. ¶ 15).

Despite Plaintiffs' attempts to refinance and make payments, the Property was sold in a Sheriff's sale to non-party Federal Home Loan Mortgage Corporation (commonly known as "Freddie Mac") on February 16, 2012 for $295,605.28. (Def.'s Ex. A, at 1). The Sheriff's Deed provides that August 16, 2012 was the last date Plaintiffs could redeem the Property. (*Id*. at 8).

2

On August 17, 2012, the day after the redemption period expired, Plaintiffs filed this action against Defendant in Macomb County Circuit Court.  (Dkt. No. 1, Ex. 1).

## II.  STANDARD OF REVIEW

Defendant has moved for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure.  This rule provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of genuine issue of material fact."  *Id*. at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted).  A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine

3

issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

### III. ANALYSIS

Plaintiffs set forth four claims in their Complaint: (1) Slander of Title; (2) Fraudulent Misrepresentation, (3) violation of MICH. COMP. LAW § 600.3205a *et seq*;[1] and (4) Breach of

---

[1] The Court notes that P.A. 2011, No. 302 amended the language § 600.3205a effective December 22, 2011. However, this amendment applies to foreclosure proceedings in which the first notice under section 3205a was mailed to the mortgagor on or after February 1, 2012. The affidavits attached to the Sheriff's Deed in this action provide that Plaintiffs were served with the notice required under § 600.3205a on December 5, 2011. Therefore, the previous version of the statute applies in this action. The Court further notes that Michigan has recently enacted legislation under which § 600.3205c and related provisions are repealed as of June 30, 2014, and the terms of § 600.3205c will no longer apply to foreclosure proceedings in which the first notice is published after January 9, 2014. *See* MICH. COMP. LAW § 600.3205e.

Contract. Defendant argues that Plaintiffs' Complaint must be dismissed because each claim fails.

## A.     Redemption Period has Expired

Foreclosures by advertisement are governed by statute under Michigan law. *Conlin v. Mortg. Elec. Registration Sys., Inc*., 714 F.3d 355, 359 (6th Cir. 2013) (citing MICH. COMP. LAWS § 600.3236-3240 and *Senters v. Ottawa Sav. Bank*, FSB, 443 Mich. 45 (1993)). Pursuant to this statute a homeowner has a six-month redemption period in which they can redeem a property sold at a foreclosure sale. *See* MICH. COMP. LAWS § 600.3236-3240(1). Once this redemption period has expired, a former owner's rights in and title to the property are extinguished and the former owner cannot assert claims with respect to the property. *Collins v. Wickersham*, 862 F. Supp.2d 649, 654 (E.D. Mich. 2012) (citing *Piotrowski v. State Land Office Bd*., 302 Mich. 179, 187 (1942); *Overton v. Mortg. Elec. Registration Sys., Inc*., No. 28950, 2009 WL 1507342, at *1 (Mich. Ct. App., May 28, 2009)). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Overton*, 2009 WL 1507342, at *1 (quoting *Schulthies v. Baron*, 16 Mich. App. 246, 247-48 (Mich. Ct. App. 1969)). "The standards for obtaining such an extension are stringent. Statutory foreclosures will only be set aside if very good reasons exist for doing so." *El-Seblani v. IndyMac Mortg. Servs*., 510 Fed. App'x 425, 429 (6th Cir. 2013) (internal quotation marks and citation omitted). As a result, "[t]he Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997). Further, the Sixth Circuit Court of Appeals has explained that "[t]he misconduct must

relate to the foreclosure procedure itself." *Conlin*, 714 F.3d at 360 (citations omitted).

Therefore, a plaintiff may bring an action challenging a foreclosure procedure after the redemption period has expired, but the relief is limited.

**B.     Setting aside a Foreclosure**

While not entirely clear from the Complaint and Plaintiffs' response brief, it appears that Plaintiffs are seeking to set aside the foreclosure sale. (*See* Pl.'s Br. at 10, citing standard to "set aside foreclosure-by-advertisement sale" and Pl.'s Br. at 14, arguing there is no merit to the argument that Plaintiffs cannot "challenge title.").

The Michigan Supreme Court has explained that pursuant to Michigan law, a failure to comply with the Michigan foreclosure by advertisement statute renders the foreclosure voidable rather than void *ab initio*. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (2012).[2] To this end,

> a plaintiff must show that they were prejudiced by defendant's failure to comply with MCL § 600.3204 [to set aside a foreclosure sale]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.

*Id*.; *see also Conlin*, 714 F.3d at 361 (recognizing that *Kim* holds "failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio*) but merely voidable."). In a concurring opinion, Justice Markman also set forth a non-exhaustive list of factors lower courts could look to when

---

[2] The decision in *Kim* reviewed and abrogated *Davenport v. HSBC Bank USA*, 275 Mich. App. 344 (Mich. Ct. App. 2007) which was the decision the Sixth Circuit relied upon in the contrary holding of *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949 (6th Cir. 2012). *Mitan* held the failure to comply with the Michigan foreclosure by advertisement statute rendered the foreclosure void.

6

examining the issue of prejudice.  This list includes: (1) "whether plaintiffs were misled into believing that no sale had been had"; (2) "whether plaintiffs acted promptly after they became aware of the facts on which they based their complaint"; (3) "whether plaintiffs made an effort to redeem the property during the redemption period"; (4) "whether plaintiffs were represented by counsel" during the process; and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest" in the property.  *Kim*, 493 Mich. at 120-21 (internal citations and quotations omitted).

With these standards in mind, the Court now turns to Plaintiffs' claims.

**C.     Plaintiffs' Claims**

   **1.     Violation of Mich. Comp. Law § 600.3205a**

Plaintiffs claim that Defendant violated MICH. COMP. LAW § 600.3205a because the statute "requires that the foreclosing entity designate a person authorized to enter into loan modification agreements, and notify the borrower of the identity of such a person so that the borrower may contact same to attempt to work out a loan modification.  However, the Defendants have failed to proceed with the loan modification." (Compl. ¶¶ 37-38).  Plaintiffs claim that because of this failure, "no foreclosure may occur unless and until the foreclosing entity begins the process anew". (Compl. ¶ 39).  Plaintiffs appear to request that the Court set aside the foreclosure sale, award damages, and convert the foreclosure by advertisement into a judicial foreclosure.

Defendant argues that this claim must fail because the redemption period has expired and Plaintiffs cannot challenge the foreclosure sale because they cannot establish that there was any fraud or irregularity in the foreclosure proceedings.

   a.     Factual and Legal Issues

As an initial matter, the Court notes that Plaintiffs assert in their response brief that they have complied with § 600.3205 because "Plaintiff [sic] received the notice from the Defendant's Attorney and contacted the Defendant through her [sic] representative immediately to being the financial review but never heard back and never received any such review." (Pl.'s Br. at 6). This argument directly contradicts the allegations in their complaint that Defendant and Plaintiffs were engaged in the modification process (for more than eight months), received contracts from Defendant which were never signed, and that Defendant told Plaintiffs that "the foreclosure proceedings would stop" because of that process. (Comp. ¶¶ 8-17). Therefore, the Court finds Plaintiffs' argument that they have complied with the statutory requirements § 600.3205a is without a factual basis. Further, as examined below, Plaintiffs' claim is without merit regardless of whether they complied with the statutory requirements.

> b. Only Remedy is Judicial Foreclosure

The Sixth Circuit has observed that the sole remedy of a violation of Michigan's loan modification statute must be exercised prior to a foreclosure by advertisement. *Smith v. Bank of Amer. Corp.*, 485 Fed. App'x 749, 751 (6th Cir. 2012) (stating that the plaintiff's "appear to have missed the boat regarding the applicability of this statute [MICH. COMP. LAW § 600.3205c] which when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."). This holding is consistent with other opinions in this district. *See Steinberg v. Fed. Home Loan Mortg. Corp.*, 901 F. Supp.2d 945, 953 (E.D. Mich. 2012) (J., Hood) (holding that even if the plaintiff had properly alleged a violation of § 600.3205a-c, the claim would fail because "[t]he appropriate remedy for any alleged violations of the statute would be to ask that the foreclosure by advertisement be converted into a judicial

foreclosure. The property has already been foreclosed and the redemption period has expired. Such relief is no longer available."); *Starkey v. U.S. Bank Nat'l Assoc.*, No. 13-13786, 2014 WL 117417, at *5 (holding same and collecting cases); *Benford v. CitiMortgage, Inc.*, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011).

In the instant case, Plaintiffs did not exercise their rights under the loan modification statute prior to the foreclosure by advertisement or even before the redemption period expired. Therefore, Plaintiffs cannot now seek to convert a completed foreclosure into a judicial foreclosure because such relief is not available.

  c. Failure to Establish Fraud or Irregularity

Further, Plaintiffs' claim also fails because they cannot establish any fraud or irregularity relating to the foreclosure proceedings to set aside or unwind a completed foreclosure sale. *See Conlin*, 714 F.3d at 359. In this action, Plaintiffs have merely claimed that Defendant "failed to proceed with the loan modifications." (Compl. ¶ 38). The Sixth Circuit has affirmed a case from this district which explicitly held "a violation of the loan modification statute, [MICH. COMP. LAW § 600.3205c], standing alone is not enough to show fraud or irregularity." *Acheampong v. Bank of N.Y. Mellow*, No. 12-13223, 2013 WL 173472, at *7-8 (E.D. Mich. May 17, 2013), *aff'd* 531 Fed. App'x 751 (6th Cir. 2013) (per curiam); *Love v. PNC Bank*, 2013 WL 2156050, at *2 (E.D. Mich. May 17, 2013) (finding same); *Kopko v. Bank of N.Y. Mellon*, No. 12-13941, 2012 WL 5265758, at *5 (E.D. Mich. Oct. 23, 2013) (holding same, collecting authority). Therefore, Plaintiffs' claim that Defendant failed to proceed with a loan modification, or that Defendant failed to send a "14 Day Letter" cannot constitute a "fraud or

irregularity".[3]

For these reasons, the Court finds that Plaintiffs have failed to establish there is a genuine issue of material fact regarding any part of this claim and summary judgment is appropriate.

### 2. Fraudulent Misrepresentation

Plaintiffs' claim that Defendant made representations to Plaintiffs that they could proceed with a loan modification and Defendant "made the representation to induce Plaintiffs to rely on the statements so that Plaintiffs could modify their loan, continue to make mortgage payments to Defendant and that Plaintiff would not challenge the foreclosure." (Compl. ¶¶ 31-32). Plaintiffs "justifiably relied on these representations and have been attempting to proceed with a loan modification." (Compl. ¶ 33).

Plaintiffs' claim of fraudulent misrepresentation fails because it does not plead the facts with the requisite particularity. Indeed, Plaintiffs' complaint fails to set forth any facts to shed light on who made the fraudulent misrepresentations to them, when the representations were made, how those representations were made (verbal or written) or any specific detail concerning the interaction between Defendant and Plaintiffs. Pursuant to Federal Rule of Civil Procedure 9(b) a claim of fraud must be pled with particularity. "To meet the particularity requirement, a complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, (4) explain why the statements were fraudulent." *Smith*, 485 Fed. App'x at 752 (quoting *Frank v. Dana Corp.*, 547 F.3d 564,

---

[3] To the extent Plaintiffs rely upon *Roller v. Fed. Nat'l Mortg. Ass'n.*, No. 12-11236, 2012 WL 5828625 (E.D. Mich. Jun. 4, 2012) in their response brief, this reliance is misplaced. *Roller* was decided prior to both *Kim* and *Conlin*. Further, as *Roller* finds a plaintiff's claim is sufficient to survive a motion to dismiss, it is not applicable to the instant motion for summary judgment.

570 (6th Cir. 2008)). To properly allege fraud under Rule 9(b), a plaintiff must "at a minimum, ... allege the time, place[,] and contents of the misrepresentation upon which they relied." *Smith*, 485 Fed. App'x at 752 (citation omitted). Finally, a plaintiff must also set forth enough facts such that "it could be concluded that their reliance was reasonable." *Id*. (citing *Novak v. Nationwide Mut. Ins*., Co., 235 Mich. App. 675, 599 (Mich. Ct. App. 1999)). Plaintiffs have failed to set forth anything but the most threadbare facts and this lack of particularity is fatal to their claim.

Further, Plaintiffs' claim for fraudulent misrepresentation is barred by the statute of frauds. Pursuant to Michigan's statute of frauds, a claim against a financial institution to enforce a promise or agreement to "renew, extend, modify, or permit a delay in repayment or performance of a loan..." is barred unless that agreement is in writing and signed by the party to be charged with the agreement. MICH. COMP. LAWS § 566.132(2). The Michigan Court of Appeals has held that this provision of the statute of frauds plainly provides that no matter how the claim is labeled, a party is precluded from bringing any action against a financial institution to enforce an oral promise. *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (Mich. Ct. App. 2000). Plaintiffs admit they never received a signed writing from Defendant promising not to foreclose the Mortgage, conduct the Sheriff's Sale, or make any modification in the terms of the Mortgage. (Def.'s Br. Ex. B, Answers to Defendant's Discovery Responses, at 1); *see also McGlade v. Bank of Amer., N.A.*, No. 13-12564, 2013 WL 5770637, at *2 (E.D. Mich., Oct. 24, 2013) (dismissing fraudulent misrepresentation claim based on Michigan's statute of frauds); *Queener v. Bank of Amer., N.A.*, Slip Copy, 2013 WL 6038869, at *2 (E.D. Mich., Nov. 14, 2013) (dismissing fraud, estoppel and negligence claims based on Michigan's statute of frauds). As a result the claim is barred.

### 3. Slander of Title

The Court next addresses Plaintiffs' claim for slander of title. Defendant argues that this claim fails as a matter of law because Plaintiffs cannot establish that Defendant made any false statement regarding Plaintiffs' title to the Property. Defendant also points to the fact that Plaintiffs could not identify any false information in the Sheriff's Deed.[4]

To establish a common law claim of slander of title pursuant to Michigan law, Plaintiff must show "falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *B&B Investment Group v. Gitler*, 229 Mich. App. 1, 8 (1998) (citing *Sullivan v. Thomas Org., PC*, 88 Mich. App. 77, 82 (1979)). Those same three elements are required to establish a statutory slander of title claim pursuant to MICH. COMP. LAW § 565.108. *Id.* (citing *GKC Mich. Theaters, Inc. v. Grand Mall*, 222 Mich. App. 294, 301 (1997)). The Michigan Court of Appeals has found that "[m]alice cannot be inferred merely from the filing of an invalid lien. To sustain a claim of slander of title, the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Stanton v. Dachille*, 186 Mich. App. 247, 262 (1990); *see also Yankakeff v. JP Morgan Chase Bank, N.A.*, No. 12-13221, 2013 WL 6328673 (E.D. Mich. Dec. 5, 2013) (relying on same).

In the present action, Plaintiffs allege in their complaint that Defendant "intentionally proceeded with foreclosure proceedings improperly, which affects and diminishes Plaintiff's [sic] title to the property," and "Defendants intentionally and maliciously slandered Plaintiffs [sic] title in the subject property by proceeding with the foreclosure proceedings." (Comp. ¶¶ 22,

---

[4] Plaintiffs did not address this claim in their response brief or dispute that it fails as a matter of law at oral argument.

26). Other than these conclusory allegations that Defendant acted maliciously and intentionally, Plaintiffs have utterly failed to allege any particular facts that show Defendant acted with malice and failed to address this claim in their response brief or at oral argument. Further, Plaintiffs fail to identify any false statement set forth in the Sheriff's deed. (Ex. B, Answers to Defendant's Discovery Requests, at 2). This is insufficient to establish a genuine issue of material fact regarding this claim and therefore, summary judgment is appropriate.

### 4. Breach of Contract

Plaintiffs also allege a breach of contract claim asserting that Defendant breached the "implied covenant of good faith and fair dealing by failing to act in good faith in attempting a loan modification despite the continuous negotiations." (Compl. ¶ 44). Like their slander of title claim, Plaintiffs failed to address this argument in their response brief and did not address the issue in their oral argument.

The Defendant argues, and the Court agrees, that this claim fails as a matter of law because Michigan does not recognize an independent claim for breach of a covenant of good faith and fair dealing. *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. Ap. 11, 35 (2006); *see also Selakowski v. Fed. Home Loan Mortg. Corp.*, No. 13-12335, 2014 WL 1207874, at *10 (E.D. Mich. Mar. 24, 2014) (recognizing the same). Further, Plaintiffs have failed to assert that Defendant breached any particular term of the mortgage.

Therefore, where Plaintiffs have failed to assert a cognizable claim and have not disputed the deficiency, this claim is dismissed.

## IV.  RECOMMENDATION

For the reasons stated, the Court GRANTS Defendant's Motion for Summary Judgment.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2014.

s/Deborah Tofil
Case Manager